UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| M. Rodney E. Jones, # 244189 *(aka* Rodney M. Jones *or* Rodney E. Jones *or* Rodney Jones), | ) **C/A No. 3:05-2524-MBS-JRM** ) ) |
| Petitioner, | ) ) ) |
| vs. | ) ) **Report and Recommendation** |
| Jon Ozmint, Director of SCDC; Mark Sanford, Governor of South Carolina; Colie Rushton, Warden of McCormick Correctional Institution; Leroy Cartledge, of Classification at McCormick Correctional Institution; NFN Parker, of Classification at McCormick Correctional Institution; Michael Matthews, Director of Inmate SCC; David Crisp, of SCC; Daniel R. Settana, Jr., Esq.; Stephen Hall, Esq.; Robert Petersen, Esq.; David Tatarsky, General Counsel; NFN Bush, Captain at McCormick Correctional Institution; NFN Campbell, Correctional Officer at SMU; NFN Gilcrest, Lieutenant; NFN Terry, Correctional Officer; NFN Morkin, Mail Lady at SMU of McCormick Correctional Institution; Ms. Lawson; Ms. Smith; NFN Coleman, Correctional Officer; NFN Galloway, Sergeant; NFN Brinkley, Lieutenant; Scott Lewis, Major; NFN Wright, Sergeant; and SCDC Director of Security, | ) ) ) ) ) ) [text begins on following page] ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Respondents. | ) ) ) |

_____

1

# *Background of this Case*

The petitioner is an inmate at the McCormick Correctional Institution of the South Carolina Department of Corrections (SCDC).  The pleading in the above-captioned case is styled as a request for "Mandamus/Order for Protection" in the cover page and as a request for "'Injunctive Relief & Order For Protection" in the caption.  All but one of the respondents are officials or employees of the South Carolina Department of Corrections.[1]  Mark Sanford is the Governor of South Carolina.

In the pleading, the petitioner seeks a writ of mandamus directing the respondents to protect the petitioner, who contends that his life is in danger. The petitioner alleges: (1) the petitioner is "IN DANGER OF HIS LIFE" in the SCDC at the McCormick Correctional Institution; (2) the respondents have housed the petitioner in "A FECES INFESTED ROOM # 53[;]" (3) the petitioner has been and is a victim of assaults, threats, retaliation, and unsanitary living conditions since June 16, 2005, at the McCormick Correctional Institution; (4) the petitioner has filed forty-five inmate letters and inmate

---

[1]It appears that respondents Settana, Hall, Petersen, and Tartarsky work in the SCDC Office of General Counsel.

2

requests regarding his safety and "well beings [sic] in the SCDC[;]" (5) the plaintiff's mother (P. Jones) and his uncle (Dr. Isaac Murray) have telephoned Governor Sanford and Director Ozmint about the petitioner's "unsafeness and unsanitary living conditions" and have requested that the petitioner be transferred; (6) the respondents have ignored "each and every" letter, inmate request, and phone call made by the petitioner's relatives; (7) on August 20, 2005, Correctional Officer Campbell beat, kicked, and spit in the petitioner's face and threatened to "FUCK the plaintiff up[;]" (8) on August 20, 2005, the petitioner was placed in SMU #53A, "a cell infested with human feces and urine[;]" (9) the petitioner "fears for his life and liberty housed at McCI, and defendants [sic] tortures continue; (10) the petitioner is a victim of the respondents' retaliations and assaults because the petitioner has disregarded and refused to participate in the respondents' illegal sales and distributions of crack, marijuana, cell-phones, and "tax frauds[;]" (11) the petitioner has filed numerous grievances "only to be ignored, assaulted, threatened, and given bogus "disciplinaries" and loss of good time in the SCDC since 2003-2005 because of the petitioner's refusal to participate in SCDC officials' illegal schemes; (12) all state courts have

supported the respondents in their illegal actions; and (13) the petitioner "therefore files this 'MANDAMUS' Action in Federal Court[.]"

In his prayer for relief, the petitioner seeks a writ of mandamus directing the respondents: (1) to provide a copy of all disciplinary hearing transcripts from 1997-2005 "to sustain due-process afforded in altering" the petitioner's "max out date from April 16, 2004 to Feb. 2008[;]" (2) to place "Separations" in the petitioner's SCDC inmate records against the Lee Correctional Institution, the McCormick Correctional Institution, the Broad River Correctional Institution, and the Evans Correctional Institution; and (3) to transfer the petitioner to the protective custody unit at the Kirkland Correctional Institution. The petitioner also seeks: (4) a conference between the petitioner and the FBI, the AFT, and the IRS "to reveal SCDC tax frauds, I/M murders, sell & dist. to I/M population of crack cocaine, powder cocaine, sex, cell-phones, DVD players, and child porno materials" at the McCormick, Lee, Perry, Evans, Kershaw, and Broad River Correctional Institutions; (5) an order of protection and relief because the petitioner's life is in danger; and (6) "reimbursement" of all good time losses from 1997-2005.

# *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleading pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).[2] *Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970

---

[2] Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

(1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

The petitioner is not entitled to mandamus relief in this court. Circuit precedents teach that a writ of mandamus is a drastic remedy. The writ of mandamus is infrequently used by federal courts, and its use is usually limited to cases where a federal court is acting in aid of its own jurisdiction. *See* 28 U.S.C. § 1361; and Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587-588 & nn. 2-4 (4th Cir. 1969). A federal district court may issue a writ of mandamus only against an employee or official *of*

6

*the United States*. *See*, *e.g.*, Fallini v. Hodel, 783 F.2d 1343, 1345 (9th Cir. 1986); and Ocean Breeze Park, Inc. v. Reich, 853 F. Supp. 906, 915, 1994 U.S.Dist. LEXIS® 7264 (E.D.Va. 1994), *affirmed*, Virginia Beach Policeman's Benevolent Association v. Reich, 96 F.3d 1440, 1996 U.S.App. LEXIS® 28823, 1996 WESTLAW® 511426 (4th Cir., June 5, 1996)[Table]. Hence, the petitioner cannot obtain mandamus relief in this court against the respondents because all respondents are state officials.

In Gurley, supra, a prisoner sought a writ of mandamus to compel the Superior Court of Mecklenburg County (North Carolina) to prepare a free transcript. The district court in Gurley denied the relief sought by the prisoner. On appeal in Gurley, the United States Court of Appeals for the Fourth Circuit concluded that it was without jurisdiction to issue a writ of mandamus because it exercised no supervisory authority over the courts of the State of North Carolina. The Court also held that, if the prisoner's petition had been treated as an appeal from the district court's order denying the issuance of the writ, the district court did not have authority to issue a writ of mandamus: "Even if we were to liberally construe this petition as an appeal from the denial of the issuance of a writ of mandamus by the District Court[,] we still have no jurisdiction for the reason that the District Court was

7

also without jurisdiction to issue the writ." Gurley v. Superior Court of Mecklenburg County, 411 F.2d at 587.

The holding in Gurley was followed by the United States Court of Appeals for the Second Circuit in Davis v. Lansing, 851 F.2d 72, 74, 1988 U.S.App. LEXIS® 9176 (2nd Cir. 1988). In Davis v. Lansing, the Court ruled that "[t]he federal courts have no general power to compel action by state officials[.]" 851 F.2d at 74. *See also* Craigo v. Hey, 624 F. Supp. 414 (S.D.W.Va. 1985). *See also* Craigo v. Hey, 624 F. Supp. 414 (S.D.W.Va. 1985). In Craigo, the district court concluded that the petition for a writ of mandamus was frivolous, within the meaning of 28 U.S.C. § 1915, under Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979) [supra], and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983) [supra], and, therefore, was subject to summary dismissal. Craigo v. Hey, supra, 624 F. Supp. at 414. *Accord* Van Sickle v. Holloway, 791 F.2d 1431, 1436 & n. 5 (10th Cir. 1986); Hatfield v. Bowen, 685 F. Supp. 478, 479, 1988 U.S.Dist. LEXIS® 5053 (W.D.Pa. 1988); Robinson v. Illinois, 752 F. Supp. 248, 248-249 & n. 1, 1990 U.S.Dist. LEXIS® 8246 (N.D.Ill. 1990); and Robinson v. California

Board of Prison Terms, 997 F. Supp. 1303, 1308, 1998 U.S.Dist. LEXIS® 4023 & 4024 (C.D.Cal. 1998)(collecting cases).[3]

The petitioner is not without a federal court remedy. The petitioner can bring a civil rights action against the respondents under 42 U.S.C. § 1983 after he has exhausted the SCDC grievance procedure. Section 1983 forms can be obtained without cost from the Office of the Clerk of Court in Columbia.

---

[3] It should be noted that the petitioner is "struck out" under the "three strikes" provision of the Prison Litigation Reform Act. *See* Section 804(g) of the Prison Litigation Reform Act, which has been codified as 28 U.S.C. § 1915(g). "Strikes" were initially entered in two (2) cases filed by the petitioner in the District of South Carolina. Those two (2) initial cases were: Jones v. South Carolina Department of Corrections, Civil Action No. 3:02-1958-24BC ("strike" entered on July 26, 2002); and Jones v. Laurie Bessinger, Civil Action No. 3:02-2669-24BC ("strike" entered on September 25, 2002). In fact, the petitioner would have had even more "strikes" but for the fact that he filed motions for voluntary dismissals *without prejudice* in five (5) other civil actions where the undersigned had recommended "strikes."

Although the petitioner, for several years, was able to avoid his "third strike" in the District of South Carolina by filing motions for voluntary dismissals, the petitioner received his third and fourth "strikes" by filing a frivolous action (in the United States District Court for the Southern District of Texas) and a subsequent frivolous appeal. *See* M. Rodney Jones v. Windsor Frozen Food Company, Inc., 79 Fed.Appx. 633, 2003 U.S.App. LEXIS® 21517, 2003 WESTLAW® 22417174 (5th Cir., October 22, 2003)("The district court's dismissal of the present case and this court's dismissal of the appeal count as two strikes against Jones for purposes of 28 U.S.C. § 1915(g)."). The petitioner's third "District of South Carolina" strike was entered by the Honorable Margaret B. Seymour, United States District Judge, in her Order (Entry No. 4) filed in M. Rodney Jones v. South Carolina Department of Corrections, *et al.*, Civil Action No. 3:04-2325-24BC, on August 18, 2004. In light of the holding in Gurley v. Superior Court of Mecklenburg County, it is not necessary for this court to determine whether the petitioner's "life in danger" allegations have satisfied the "imminent danger of serious physical injury" threshold to avoid application of the "three strikes" rule.

The petitioner is not entitled to a criminal investigation or the filing of criminal charges against SCDC officials, employees, and inmates. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)(a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person); Diamond v. Charles, 476 U.S. 54, 64-65 (1986)(*applying* Linda R.S. v. Richard D. and collecting cases); Doyle v. Oklahoma State Bar Ass'n, 998 F.2d 1559, 1566-1567, 1993 U.S. App. LEXIS® 18064 (10th Cir. 1993); Lane v. Correll, 434 F.2d 598, 600 (5th Cir. 1970); Nader v. Saxbe, 162 U.S.App.D.C. 89, 497 F.2d 676, 679 nn. 18-19, 681 n. 27 (D.C.Cir. 1974)(n. 27: "Thus her [Linda R. S.'s] complaint in effect sought a judicial order compelling prosecution of a particular individual, a practice shunned by American courts."); and United States v. Passman, 465 F. Supp. 736, 741 & n. 13 (W.D.La. 1979)("the defendant lacks standing to challenge the failure of the government to instigate criminal proceedings against another person."). *Cf.* Neitzke v. Williams, supra (although district courts should not blur the distinction between the standards applicable to a Rule 12(b)(6) dismissal for failure to state a claim upon which relief can be granted and a dismissal under 28 U.S.C. § 1915 because a claim is frivolous, a patently insubstantial complaint may be dismissed). *See also*

10

Collins v. Palczewski, 841 F. Supp. 333, 340, 1993 U.S.Dist. LEXIS® 18960 (D.Nev. 1993)("Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions.'"). *Cf.* Community for Creative Non-Violence v. Pierce, 252 U.S.App.D.C. 37, 786 F.2d 1199, 1201-1202 (D.C.Cir. 1986)(denying motion to disqualify Office of the United States Attorney). Furthermore, since the petitioner does not have a judicially cognizable interest in the criminal prosecution of another person, the petitioner lacks standing to raise such a claim. Linda R.S. v. Richard D., supra, 410 U.S. at 619.

Closely on point is Leeke v. Timmerman, 454 U.S. 83, 86-87 (1981), which arose in South Carolina. In Leeke v. Timmerman, inmates who were allegedly beaten by prison guards sought criminal arrest warrants against the guards. The inmates presented sworn statements to a state magistrate, but the state magistrate, upon a Solicitor's request, declined to issue the warrants. In Leeke v. Timmerman, the Supreme Court of the United States reiterated its earlier holding in Linda R.S. v. Richard D., supra, and again ruled that a private citizen lacks a judicially cognizable interest in the criminal prosecution of other persons. Leeke v. Timmerman, supra, 454 U.S. at 86-87. Moreover, in its opinion in Leeke v. Timmerman, the

Supreme Court of the United States cited a similar precedent from the Supreme Court of South Carolina. *See* Leeke v. Timmerman, supra, 454 U.S. at 87 n. 2, *citing* State v. Addison, 2 S.C. 356, 364 (1871). Since the petitioner does not have standing to seek a federal criminal investigation or federal criminal charges, such relief (including a "conference" between the petitioner and federal law enforcement agencies) requested by the petitioner cannot be granted in the above-captioned case.

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and "new" 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. At least one circuit has concluded

that a mandamus action may count as a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g).  *See* Green v. Nottingham, 90 F.3d 415, 417-420, 1996 U.S.App. LEXIS® 16431 (10th Cir. 1996); and In re Washington, 122 F.3d 1345, 1997 U.S.App. LEXIS® 23641 (10th Cir. 1997). Hence, I also recommend that the above-captioned case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g).  The petitioner's attention is directed to the Notice on the next page.

                                  Respectfully submitted,

                                  s/Joseph R. McCrorey
                                  United States Magistrate Judge

September 9, 2005
Columbia, South Carolina

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
### &
# The *Serious Consequences* of a Failure to Do So

The petitioner is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991).  See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review").  **This notice, hereby, apprises the petitioner of the consequences of a failure to file specific, written objections.**  *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201**
