IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| M. Rodney Jones #244189, a/k/a Rodney M. Jones or Rodney E. Jones or Rodney Jones, | ) ) ) | C/A No. 3:05-2524-MBS-JRM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| Jon Ozmint, Director of SCDC, et al., | ) ) | |
| Respondents. | ) | |
| _____ | ) | |

Petitioner M. Rodney Jones is an inmate in custody of the South Carolina Department of Corrections (SCDC). Petitioner filed a document entitled "'Injunctive Relief' & Order For Protection" on August 30, 2005, in which he complains about the conditions of confinement at various correctional institutions within SCDC. Petitioner seeks a writ of mandamus with respect to Defendants, who are officials or employees of the State of South Carolina.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. The Magistrate Judge reviewed Petitioner's submission pursuant to the provisions of 28 U.S.C. §§ 1915 and 1915A and the Prison Litigation Reform Act of 1996. On September 12, 2005, the Magistrate Judge filed a Report and Recommendation in which he noted that the court may issue a writ of mandamus only against employees or officials of the United States, and is without jurisdiction to compel action by state officials. The Magistrate Judge further noted that Petitioner, as a private person, possesses no judicially cognizable interest in the prosecution or non-prosecution of another person. Accordingly, the Magistrate Judge recommended that the within case be summarily dismissed without prejudice. The Magistrate Judge also recommended that the case be deemed a "strike" for purposes of the

"three strikes" rule of 28 U.S.C. § 1915(g).  On September 20, 2005, Petitioner filed a response to the Report and Recommendation in which he states that he "fully agree's with the Report's and Recommendation's . . . made regarding dismissal without prejudice . . . ."  Petitioner requests, however, that the case not be deemed a "strike."

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility for making a final determination remains with this court.  Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation.  Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

After review of the record, the court concurs in the Report and Recommendation of the Magistrate Judge and  incorporates it herein by reference.  The case is dismissed without prejudice and without issuance and service of process.  Given Petitioner's history of filing frivolous litigation, however, the court concurs with the Magistrate Judge and deems this action a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

September 23, 2005

Columbia, South Carolina

2

**NOTICE OF RIGHT TO APPEAL**

**Petitioner is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**